Jones, J.
 

 On May 27, 1915, the Legislature passed a comprehensive act (106 Ohio Law, 400) relating to civil service of the state, counties, cities, and school districts. Under the provisions of that act, now embodied in present Section 486-7 (6), General Code, the state civil service commission was empowered to “hear appeals from the decisions of appointing officers of persons in the classified service who have been reduced in pay or position, laid off, suspended, discharged or discriminated against by such appointing authority;” and under the provisions of the same act which are now embodied in present Section 486-17, General Code, it is provided that “no person shall be reduced in pay or position, laid off, suspended, discharged or otherwise discriminated against by an appointing officer for religious or political reasons or affiliations,” etc.
 

 These two are the only sections of the act dealing with “discriminations.” Giving to the latter section its ordinary and grammatical meaning, and thus construing it, we are of the opinion that the Legislature intended to and did provide that whenever discrimination was charged in any of the cases therein men
 
 *344
 
 tioned, such discrimination must be shown to have resulted from religious or political reasons or affiliations. Section 486-17, General Code, connotes such purpose and intention; and where a reduction in pay is alleged to have been caused by reason of discrimination, the record should show that religious or political reasons or affiliations were the cause for the reduction. The relators do not charge, neither did the commission find, nor does the record establish, the fact that the reduction in relator’s salary was made on account of political or religious reasons. In order to obtain a writ of mandamus the relators must establish a clear 'legal right thereto. This they have not done.
 

 Furthermore, were we to construe Section 486-17, General Code, otherwise, by holding that such discrimination was made for other than political or religious reasons, wé are unable to perceive how any such discrimination could arise against the relators in the reduction of their pay, since we are not advised of any others occupying similar positions under the appointing authority whereby a yardstick might be furnished for the purpose of ascertaining how and in favor of whom such discrimination was made. Discarding the legal conclusions charged in the petitions and noted in the finding of the commission, the record does not disclose any legal discrimination. The record could as readily support the conclusion that the respondents may have caused these reductions in salaries to be made solely in the interest of public economy.
 

 We do not allude to Section 486-17a, General Code, since that section relates to removals only; nor for the reasons heretofore assigned do we feel called upon to re-examine the case of
 
 Curtis, Safety Director,
 
 v.
 
 State, ex rel. Morgan,
 
 108 Ohio St., 292, 140 N. E., 522, and its second proposition of the syllabus, which counsel for plaintiffs in error rely upon in support of their contention that appeals to the civil service commission lie only in cases of removal.
 

 
 *345
 
 For the reasons stated the judgment of the Court of Appeals in each case will be reversed, and proceeding to render the judgment that court should have rendered, the writs prayed for will be denied.
 

 Judgments reversed and judgments for plaintiffs in
 
 error,
 
 denying writs of mandamus.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias, Beyis and Zimmerman, JJ., concur.